UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:13-cv-22772-UU

WARREN ESANU,

    Plaintiff,

v.

OCEANA CRUISES, INC.,

    Defendant.

_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment. D.E. 44.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed, and is ripe for determination.

**BACKGROUND**

The following facts are not in dispute unless otherwise indicated. In December of 2012, Plaintiff was a passenger on the Riviera, a cruise ship owned and operated by Oceana Cruises, Inc. ("Oceana"). At some point, Plaintiff encountered an uncovered area, which was wet from rain. Esanu Deposition at 48:25–49:5. Notwithstanding that the area of the deck was covered with a slip-resistant resin material, Defendant placed a portable yellow caution sign reading "slippery when wet" in the uncovered area. Lindsay Deposition at 7:16–19, 8:15–9–6; Esanu Deposition at 54:20–22, 56:1–4. Plaintiff saw the sign but nevertheless walked on the surface, albeit carefully. Esanu Deposition at 61:3–7. Notwithstanding the care with which he walked,

Plaintiff slipped on the deck, which was "extraordinarily slippery" and "like a sheet of ice." *Id.* at 40:12–13, 61:3–7, 68:1–4, 71:17–18. The deck was so slippery that Plaintiff's hands slipped from under him when he tried to pick himself up. *Id.* at 67:12–14. Other than this incident, there have been no reports of any persons falling on the slip-resistant material, either on the Riviera or on its sister ship. Linsday Deposition at 9:8–11, 76:1–9, 76:16–77:2. And Defendant had never received any complaints that the slip-resistant surface was slippery when wet. *Id.* at 95:6–18.

On August 1, 2013, Plaintiff filed suit against Defendant, alleging that his accident was caused by Defendant's negligence in: (1) using the slip-resistant material, which becomes unreasonably dangerous when wet; (2) causing the floor to become wet; (3) failing to reasonably warn passengers of the dangerous condition; (4) failing to reasonably maintain and inspect the deck; (5) failing to dry the deck; and (6) otherwise breaching its duty of reasonable care. Defendant now moves for summary judgment.

## **LEGAL STANDARD**

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court explained in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), that when assessing whether the movant has met this burden, the court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion.

The party opposing the motion may not simply rest upon mere allegations or denials of

the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the nonmoving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991(5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elecs. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must

resolve all ambiguities and draw all justifiable inferences in favor of the nonmoving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

## ANALYSIS

To succeed on a claim of negligence under federal maritime law,[1] a plaintiff must prove: "(1) a duty recognized by the law requiring a certain standard of conduct for the protection of others against unreasonable risks; (2) breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another." *See Crayton v. Oceania Cruises, Inc.*, 600 F. Supp. 2d 1271, 1275 (S.D. Fla. 2009). While shipowners owe their passengers a duty of reasonable care, *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959), Defendant asserts that it did not breach its duty of care, and in support proffers several arguments.

First, Defendant argues that the wet surface did not constitute an unreasonably dangerous condition because the surface was coated with a state of the art slip-resistant material that met cruise industry standards. But Plaintiff proffers evidence that the surface was extraordinarily slippery, as if ice, and thereby creates a genuine issue as to whether there existed an unreasonably dangerous condition.

Second, Defendant argues that even if the surface was unreasonably dangerous, it had no actual or constructive knowledge of that danger and therefore did not breach its duty of

---

[1] "Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case." *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990).

reasonable care. But Defendant positioned a portable "slippery when wet" sign in the area, and from this, a reasonable jury could find that Defendant had actual knowledge that the surface became slippery when wet.

Third, Defendant argues that it satisfied its duty of reasonable care by positioning a conspicuous yellow caution sign warning passengers of the dangerous condition. But a reasonable jury could find this was insufficient and that Defendant needed to do more in light of the unusually slippery and "ice-like" surface. For example, a reasonable jury could determine that the sign did not give sufficient warning of the dangerous condition or that no sign would have given sufficient warning such that Defendant should have blocked off access to the area.

Alternatively, Defendant argues that because it is unknown when it began to rain, Plaintiff cannot prove that Defendant had a reasonable opportunity to remedy the dangerous condition. But Defendant had sufficient time to place the portable caution sign in the slippery area. And from that, a reasonable jury could find that Defendant had sufficient time to reasonably remedy the dangerous condition, for example through issuing a stronger warning or through blocking off access to the area until Defendant knew it to be safe and dry. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment, (D.E. 44), is DENIED. However, Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment, (D.E. 66), is GRANTED, as Plaintiff's motion is untimely and procedurally defective.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of May, 2014.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf