UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-cv-22772-UU

WARREN ESANU,

       Plaintiff,

v.

OCEANIA CRUISES, INC.,

       Defendant.

## DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FRAUD UPON THE COURT AND/OR SANCTIONS & INCORPORATED MEMORANDUM OF LAW

Defendant, OCEANIA CRUISES, INC., by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedures, hereby file Defendant's Motion to Dismiss for Plaintiff's Fraud Upon the Court and/or Sanctions & Incorporated Memorandum of Law, and states as follows:

1.      Plaintiff perpetrated fraud upon the Court at trial by intentionally misleading the jury into believing that Plaintiff was only generating employment income from his work with the Katsy Korins law firm; Plaintiff fraudulently concealed from the jury the fact that he had a completely separate source of employment income generated under his own letterhead.[1]

2.      Plaintiff testified at deposition that he had two separate sources of employment income at the time of the subject incident. Plaintiff worked as an attorney for the law firm of

---

[1] Plaintiff is one of leading foremost tax attorneys and financial experts in the country. See attached *Exhibit A*, Esanu tax guide.

Katsy Korins, LLP and also had his own law firm, Warren Esanu Attorney at Law, each of which he billed separately:

**Plaintiff's Deposition Transcript:**

Q. All right. So you bill for the firm and they keep 60 percent of what the revenue is for that?
A. To the extent that I bill through the firm.
Q. But you also bill separately?
A. I -- most of my income is billed separately.
Q. How does that work? You have like your own separate letterhead?
A. Yes. It says Warren Esanu Attorney at Law.
Q So you have like your own little firm within this other firm?
A. Yes.
Q. And then depending on the type of matter you either share it with them to some extent or you don't?
A. Yes.
Plaintiff's Deposition Transcript, *Exhibit B*, pg 14, ln 12-18.

3.      However, at trial, Plaintiff and Plaintiff's expert falsely testified, suggested, and/or implied that Plaintiff's employment income was only generated from his work with the Katsy Korins, LLP.

4.      Plaintiff attempted to mislead the jury and conceal information pertaining to Plaintiff's income generated under his own letterhead. Defendant does not know why Plaintiff and Plaintiff's expert misled the jury into believing that Plaintiff was only generating income from the Katsy Korins law firm, but reasonable assumptions can be made as to why this was done. For example, by misleading the jury into believing that Plaintiff was only generating income from the Katsy Korins law firm, a double recovery windfall could have been obtained by Plaintiff; logic dictates that if a plaintiff is working hourly for two different employers or from two different places, it is always possible that a decrease in hours with one employer could be accompanied with an increase in hours with the other employer, and no actual loss of hours occurs.

5.     Regardless of why Plaintiff elected to mislead the jury, Plaintiff clearly perpetrated fraud upon the Court at trial by deliberately misleading and concealing from the jury that Plaintiff was generating separate income under his own letterhead at home. Plaintiff is one of the leading tax and financial experts in the country and his choice to provide misleading testimony at trial regarding how he generated his attorney income can only be considered intentional and deliberate.

Defendant, OCEANIA CRUISES, INC., respectfully request this Honorable Court enter an Order dismissing this case, with prejudice, and any other relief deemed just and necessary.

## MEMORANDUM OF LAW

The Court has the discretion to fashion appropriate sanctions for conduct which abuses the judicial process. *Feldman v. Davidson*, 2009 U.S. Dist. LEXIS 36921, 5-6 (S.D. Fla. Apr. 13, 2009) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). In fashioning appropriate sanctions, the Court has the inherent power to impose sanctions on parties, lawyers or both. *Id* (citing *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006)). Attorneys' fees and costs may be assessed against the client or the attorney, or both "when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id* (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)).

Trial courts have broad discretion to impose sanctions on litigants based on their behavior before the court. *Suppa v. Costa Crociere S.p.A.*, 2008 U.S. Dist. LEXIS 27853, 2-3 (S.D. Fla. Apr. 7, 2008) (citing *Morgan v. Campbell*, 816 So.2d 251, 253 (Fla. 2d DCA 2002)). Within this discretion is the power to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court. *Id*. However, because of the severity of this sanction, it should be imposed only on a "clear showing of fraud, pretense, collusion, or similar wrongdoing." *Id*. "A 'fraud on

CASE NO. 13-cv-22772-UU

the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Id* (citing *Ramey v. Haverty Furniture Companies*, -- So.2d --, 2008 Fla. App. LEXIS 501, 2008 WL 160970 (Fla. 2d DCA 2008).

Here, Plaintiff intentionally concealed from the jury that Plaintiff was generating income under his own letterhead, separate and distinct from what Plaintiff was generating from his work with the Katsy Korins law firm. Plaintiff and Plaintiff's expert did not want the jury to hear that Plaintiff was generating employment income from a separate source and thus they provided misleading testimony to the jury that Plaintiff was only generating employment income with the Katsy Korins law firm. This is clear fraud upon the Court and dismissal, with prejudice, and/or appropriate sanctions are warranted.

Wherefore, Defendant, OCEANIA CRUISES, INC., respectfully requests this Honorable Court enter an Order dismissing this case, with prejudice, and/or imposing sanctions, and any other relief deemed just and necessary.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned hereby certify that counsel for the movant has conferred with all parties and non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Counsel for Plaintiff Warren Esanu, Peter G. Walsh, Esq., objects to this Motion.

Respectfully submitted,


s/ Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2014, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Michael Alexander Garcia
Michael Alexander Garcia

CASE NO. 13-cv-22772-UU

## SERVICE LIST

CASE NO. 13-cv-22772-UU

Peter G. Walsh, Esq.
David W. Singer & Associates, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
E-Mail: pwalsh@1800askfree.com;
lnetti@1800askfree.com
Telephone: (954) 920-1571
Facsimile: (954) 926-5746

4827-4505-2701, v. 1